IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**QUINN MCNEAL (# 102215)**                                                  **PLAINTIFF**

**v.**                                                                 **No. 4:07CV97-P-A**

**ZETTA HORSLEY, ET AL.**                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Quinn McNeal, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff was serving a sentence for residential burglary on house arrest. The plaintiff did not have a job or money, and his telephone service was disconnected for failure to pay the telephone bill. Maintaining an active telephone connection was a condition of the plaintiff's house arrest. On October 12, 2005, defendant Zetta Horsley and two others conducted a visit to the plaintiff's home because the plaintiff's telephone had been disconnected. The plaintiff was not at his residence, so defendant Horsley and the others searched the neighborhood until they found the plaintiff. He was arrested for failure to maintain a working telephone line in his residence and transported to the Washington County Jail. At a hearing on the Rule Violation Report, the plaintiff was found guilty, his placement on house arrest was revoked, and he was referred to Reclassification.

*Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection.  As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* 115 S. Ct. at 2300 (citations omitted).  In the *Sandin* case, the discipline administered the prisoner was confinement in isolation.  Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974), *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff admits that he did not keep a working telephone line in his house.  As a consequence of this violation of the terms of his house arrest, he was removed from the Intensive Supervision Program ("ISP") and returned to the general population within the Mississippi Department of Corrections.  He has not alleged that the conditions at the Bolivar

County Regional Correctional Facility "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life;" as such, he has not stated due process claim in this case. *Sandin,* 115 S.Ct. at 2301. Therefore, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of June, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE